UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA DANIELS,                                   Case No. 1:08-cv-52

    Plaintiff,                                  Spiegel, J.
                                                Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AWARDING BENEFITS AS OF NOVEMBER 19, 2002; AND (3) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that plaintiff was not entitled to Disability Insurance Benefits ("DIB"). (*See* Administrative Transcript ("Tr.") (Tr. at 18-22) (ALJ's decision)).

**I.**

Plaintiff filed a prior application for benefits on May 16, 2003, alleging disability commencing August 8, 2002.[2] (Tr. 60-68.) Her application was denied initially and on reconsideration. Plaintiff then filed her current application for DIB on November 7, 2003. On April 8, 2004, plaintiff was notified that the Agency found that she became

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

    [2] At the hearing, plaintiff amended her onset date to November 19, 2002. (Tr. 162, 238.)

disabled on November 11, 2003. (Tr. 37-38, 43-47.) That determination was upheld on reconsideration.

Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which plaintiff was represented by counsel, was held on June 8, 2006. (Tr. 236-57) Tracy Young testified as a vocational expert.

On August 23, 2006, the ALJ entered his decision finding that the record established that, after August 8, 2002 and prior to November 11, 2003, plaintiff retained the residual functional capacity (RFC) to perform light exertion work with occasional stooping and frequent crouching (Tr. 21-22). Based on such RFC, the ALJ concluded that plaintiff could perform a significant number of jobs in the economy, and, therefore, was not disabled (Tr. 18-22).

That decision stands as defendant's final determination consequent to denial of review by the Appeals Council on November 14, 2007. (Tr. 5-7.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant met the disability insurance status requirements of the Act on August 8, 2002, the alleged onset date of disability, and continued to meet them until November 11, 2003, the established onset date of disability.

2. The claimant did not engage in substantial gainful activity during the time period under consideration

3. During the time period being considered, the claimant had severe physical impairment due to degenerative disc disease of the lumbar spine, and hypertension. However, she had no impairment or combination of impairments meeting or equaling the Regulatory Listings contained in

              Appendix 1, Subpart P, Regulations No.

4.       The claimant's testimony concerning her limitations during the time period under consideration was only partially credible for reasons set forth in the body of this decision.

5.       The record establish that after August 8, 2002, and prior to November 11, 2003, the claimant retained the residual functional capacity for performing the full range of work, except that she could lift/carry/push/pull only 20 pounds occasionally and 10 pounds frequently, sit, stand, or walk for six hour workday and was limited to occasional stooping and frequent crouching.

6.       The claimant was not able to perform her past relevant work as nurse's assistant during the time period under consideration.

7.       The claimant was born on March 18, 1954, and was a younger individual prior to November 11, 2003, and has a limited, ninth grade education, and past relevant work which provided her with no transferrable skills.

8.       Section 404.1569 of Regulations No. 4 and rule 202.26, Table No. 2, appendix 2, Subpart P, Regulations No. 4 would direct a finding of "not disabled" during the time period under consideration if the claimant were able to perform the full range of light work. Although her ability to perform light work was somewhat compromised at the time, there remained a significant number of jobs in the local and national economies she could perform at that time, working within that framework.

9.       The claimant has not been under a "disability" as defined in the Social Security Act at any time prior to November 11, 2003. 20 CFR 404.1520(g).

(Tr. 21-22 .)

In sum, the ALJ concluded that plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB prior to 11/11/03.

On appeal, plaintiff maintains that: (1) the ALJ erred in evaluating plaintiff's pain,

credibility, and subjective complaints; (2) the ALJ erred in weighing the treating physician's opinions; (3) the ALJ erred in relying on the RFC assessment completed by non-examining state agency physician; and (4) the ALJ erred in failing to inquired whether the vocational expert's testimony was consistent with the Dictionary of Occupational Titles.

Upon careful review, and for the reasons that follow, the undersigned finds plaintiff's second and third assertions to be dispositive and concludes that the ALJ improperly weighed the medical evidence of record.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

4

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*). If the ALJ determines at Step 4 that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis. *See* 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform her past relevant work, the matter should be remanded for further consideration under Step 5. *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that

left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### A.

Plaintiff maintains that the ALJ erred in rejecting the opinion of Dr. Fox, plaintiff's treating physician, who opined that plaintiff was disabled for the time period in question. The undersigned agrees.

It is well settled that the opinions of treating physicians are generally given substantial, if not controlling, deference. 20 C.F.R. § 404.1527(d)(2) (2004); *Warner v. Comm'r of Social Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Roush v. Barnhart*, 326 F.Supp. 2d 858, 862 (S.D. Ohio 2004)). The SSA promulgated this regulation in 1991 because:

> these sources are likely to be the medical professional most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting from 20 C.F.R. § 404.1527(d)(2)). Although the weight given to a treating physician's opinion on the nature and severity of impairments depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record (*see* 20 C.F.R. § 404.1527(d); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)), a summary by an attending physician made over a period of time need not be accompanied by a description of the specific tests in order to be regarded as credible and substantial. *Cornett v.*

*Califano,* No. C-1-78-433 (S.D. Ohio Feb. 7, 1979) (LEXIS, Genfed library, Dist. file).

If not contradicted by substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference. *Harris*, 756 F.2d at 435; *see also Cohen v. Sec'y of H.H.S.*, 964 F.2d 524, 528 (6th Cir. 1992).

If a treating physician's opinion is contradicted by substantial evidence, the opinion is not to be dismissed, and it is still entitled to deference. *Roush*, 326 F.Supp. 2d at 862. In weighing the various opinions and medical evidence, the ALJ must consider pertinent factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6).

Should the ALJ reject a treating physician's opinion, the ALJ must "give good reasons" for not giving weight to that opinion in the context of a disability determination. *Wilson*, 378 F.3d at 544. A ruling issued by the SSA explains that, pursuant to 20 C.F.R. § 440.1527(d)(2), a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (1996); *see also Wilson*, 378 F.3d at 544.

Here, the record reveals plaintiff's treatment history with Dr. O Daniel Fox, an orthopedic specialist, beginning in November 2002 and continuing through 2004. (Tr.

189-99, 227-28, 231-32 234-35.) Dr. Fox's treatment records indicate that plaintiff was seen monthly and/or every six weeks over the course of nearly two years and included clinical testing (*i.e.*, EMG and MRI studies showing degenerative disc disease and X-rays of the lumbar spine revealing decreased disc space with sclerosis at L5-S1 consistent with a chronic degenerative disc at L5-S1), physical examinations revealing a reduced range of motion, prescription of various pain medications, referral for physical therapy, and cortisone shots in the lumbar spine.

On June 23, 2003, Dr. Fox wrote a letter to plaintiff's attorney in which he indicated that he had treated plaintiff since November 2002 for low back pain. (Tr. 227). He noted that they had tried just about everything except epidural steroids and that plaintiff's pain from the injury to her back from August 2002 was not controllable. (Tr. 227, 228).

Thereafter, on March 25, 2005, Dr. Fox responded to interrogatories from plaintiff's attorney. (Tr. 231). He opined that, during the period from November 19, 2002 through November 11, 2003, plaintiff had been unable to engage in sustained remunerative employment on a continuing basis. (Tr. 231-32). He reported that he last saw plaintiff on January 19, 2004. (Tr. 232).

The ALJ, however, discounted Dr. Fox's findings, and afforded more weight to the RFC done by Dr. Norris, a non-examining state agency physician, who found plaintiff capable of performing light work. In relying on the opinion of the state agency physician, the ALJ stated:

> The findings of the reviewing physician are consistent with the medical record as it had been developed prior to that review.
>
> ***
>
> There is not evidence coming from the time period before plaintiff's stoke in November 2003 that would contradict the findings of the reviewing State Agency physician, and accordingly those findings are found to apply to the time period now being considered.

(Tr. 20.)

The ALJ's conclusory statements lack merit and fail to meet the requirement that the ALJ "give good reasons" for not giving weight to a treating physician. *See Wilson,* 378 F.3d at 545. Furthermore, as noted above, in weighing the various opinions and medical evidence, the ALJ must consider pertinent factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Here, the ALJ failed to mention Dr. Fox's disability evaluation from 2005, and there is no indication from the ALJ's decision that he considered any of the above factors in evaluating Dr. Fox's findings.

Moreover, it is clearly established law that the opinion of a non-treating "one-shot" consultative physician or of a medical advisor cannot constitute substantial evidence to overcome the properly supported opinion of a physician who has treated a claimant over a period of years. *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983).

Here, Dr. Fox treated plaintiff from late 2002 through 2004. The treatment history includes visits every six weeks, clinical testing, and various prescribed medications. It seems evident that Dr. Fox is in the best position to give an opinion as to plaintiff's physical limitations. Moreover, Dr. Fox's treatment notes clearly contradict the notion that plaintiff is capable of performing light work.

Accordingly, the undersigned finds that the ALJ improperly weighed the medical evidence, by failing to give controlling weight to Dr. Fox's opinion. Dr. Norris's assessment that plaintiff could perform light work does not constitute substantial evidence so as to overcome the properly supported opinion of a physician who has treated a claimant over a period of years. *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983).

**B.**

Plaintiff further maintains that the ALJ improperly relied on the RFC performed by Dr. Norris, the non-examining state agency physician. Again, plaintiff's argument is well-taken.

As previously discussed herein, it is clearly established law that the opinion of a non-treating "one-shot" consultative physician or of a medical advisor cannot constitute substantial evidence to overcome the properly supported opinion of a physician who has treated a claimant over a period of years. *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983). Here, plaintiff's treating physician's opinion was properly supported by the evidence of record and therefore entitled to deference. Thus, the ALJ's decision to afford greater weight to the assessment of Dr.

Norris was contrary to law.

### III.

In view of the assertions of the plaintiff and the opinion of plaintiff's treating physician, there exists substantial evidence of plaintiff's disability. The Court may reverse a decision of the Secretary and immediately award benefits if the Court determines that "substantial evidence does not support the Secretary's decision ... [and] if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits .... A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary lacking." *Felisky v. Bowen,* 35 F.3d at 1041 (citing *Faucher v. Secretary of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994)). Such is the case here.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that plaintiff was not entitled to a period of disability and disability income benefits after November 19, 2002 and prior to November 11, 2003, be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**; that this matter be **REMANDED** to the ALJ for an immediate award of benefits beginning November 19, 2002; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**

Date:   February 25, 2009                                               s/Timothy S. Black
                                                                                            Timothy S. Black
                                                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA DANIELS,                                    Case No. 1:08-cv-52

       Plaintiff,                                     Spiegel, J.
                                                               Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.


**NOTICE**

       Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).