```
                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

TERESA DANIELS,                  :
                                 :    NO. 1:08-CV-00052
    Plaintiff,               :
                                 :
  v.                            :
                                 :    **OPINION AND ORDER**
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
    Defendant.               :


This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the ALJ's finding be reversed, judgment be entered in favor of Plaintiff awarding benefits as of November 19, 2002, and this case be closed (doc. 16). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Plaintiff first applied for Disability Insurance Benefits ("DIB") on May 16, 2003, alleging disability commencing August 8, 2002 (Id.). This application was denied initially and on reconsideration (Id.). Plaintiff filed another application on November 7, 2003, and was notified on April 8, 2004, that the Agency found she became disabled on November 11, 2003, a determination which was upheld on reconsideration (Id.). Plaintiff requested a de novo hearing before the ALJ which was held on June

8, 2006, and on August 23, 2006, the ALJ determined that Plaintiff was not disabled between November 19, 2002 and November 11, 2003 (Id.). The Appeals Counsel denied review, making the ALJ's decision Defendant's final determination (Id.).

On appeal, Plaintiff argues that:

> (1) the ALJ erred in evaluating plaintiff's pain, credibility, and subjective complaints; (2) the ALJ erred in weighing the treating physician's opinions; (3) the ALJ erred in relying on the RFC assessment completed by non-examining state agency physician; and (4) the ALJ erred in failing to inquire whether the vocational expert's testimony was consistent with the Dictionary of Occupational Titles (Id).

**II. Standard of Review**

Judicial review of the Commissioner's decision, as reflected in the decisions of the Social Security Administrations's Commissioner, ALJ and Appeals Council, is limited to whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993) (citation omitted). Accordingly, the Court's "review is limited to determining whether there is

substantial evidence in the record to support the findings." <u>Duncan v. Secretary of Health & Human Servs.</u>, 801 F.2d 847, 851 (6th Cir. 1986).

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Kirk v. Secretary of Health & Human Servs.</u>, 667 F.2d 524, 535 (6th Cir. 1981) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). It is for the Commissioner to resolve conflicts in the evidence and to decide questions of credibility. <u>Gaffney v. Bowen</u>, 825 F.2d 98, 100 (6th Cir. 1987). Credibility determinations, however, may be disturbed when the Court is presented with a compelling reason. <u>Smith v. Halter</u>, 2002 Fed. App. 0348P (6th Cir. 2002).

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts." <u>Id.</u> (citation omitted). If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. <u>Kirk</u>, 667 F.2d at 535.

**III. Discussion**

The Magistrate Judge, after acknowledging the

"substantial evidence" standard, concluded that Plaintiff's second and third assignments of error were dispositive and found that the ALJ improperly weighed the medical evidence of record (doc. 16). After noting that it is well settled that the opinions of treating physicians are generally given substantial, if not controlling, deference, the Magistrate Judge reviewed the record and found that the ALJ improperly rejected the opinion of Plaintiff's orthopedic specialist, Dr. O. Daniel Fox (Id.). The Magistrate Judge stated that the non-examining state agency physician, Dr. Norris's, opinion "that plaintiff could perform light work does not constitute substantial evidence so as to overcome the properly supported opinion of a physician who has treated a claimant over a period of years" (Id., citing Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983)). In view of the assertions of the Plaintiff and the opinion of Plaintiff's treating physician, the Magistrate Judge concluded that there existed substantial evidence of Plaintiff's disability after November 19, 2002 (Id.).

The Court, having fully reviewed this matter, finds the Report and Recommendation well-reasoned, thorough, and correct. The ALJ's findings are not supported by substantial evidence and therefore, Plaintiff is entitled to disability income benefits after November 19, 2002 and prior to November 11, 2003.

The Parties were served with the Report and

Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**III. Conclusion**

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 16), and thereby REVERSES the ALJ's finding that Plaintiff was not entitled to a period of disability and disability income benefits after November 19, 2002 and prior to November 11, 2003, REMANDS this matter to the ALJ for an immediate award of benefits starting November 19, 2002, and CLOSES this case.

SO ORDERED.

Dated: March 26, 2009    <u>s/S. Arthur Spiegel            </u>
                         S. Arthur Spiegel
                         United States Senior District Judge